IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR339** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **ARTURO GOMEZ MOLINA,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing Nos. 65, 66). The government has adopted the PSR. (Filing No. 67.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant's objection is that because the Defendant does not qualify for the safety valve, he moves for a downward departure from the statutory minimum of 60 months. The objection, considered as a motion for downward departure, is denied for the reason that the Court cannot depart below a statutory minimum sentence unless the Defendant qualifies for the safety valve or the government files a motion for a downward departure based on substantial assistance. As stated, the Defendant does not qualify for the safety valve. The government has not yet filed a motion for downward departure, and unless the government chooses to do so, the Court cannot consider a downward departure.

IT IS ORDERED:

1. The Defendant's objection to the Presentence Investigation Report ("PSR") (Filing Nos. 65, 66), considered as a motion for downward departure, is denied;

2. The Court's tentative findings are that the Defendant's name on the PSR shall be changed to match the name under which he has been indicted, "Arturo Gomez Molina," prior to sending the PSR to the Bureau of Prisons;

3. Otherwise, the Court finds that the PSR is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 3rd day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge